UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, AND ANNUITY FUNDS and THE TRUSTEES OF THE LOCAL 1010 APPRENTICESHIP, SKILL IMPROVEMENT, AND TRAINING FUND,<br><br>            Plaintiffs,<br><br>    -against-<br><br>WESTBURY EQUIPMENT CORP.,<br><br>            Defendant. | 24 CV 4622 (BMC)<br><br>**DECLARATION OF KEITH LOSCALZO IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Keith Loscalzo declares:

1. I am over the age of 18 years and competent to testify in this proceeding.

2. I have personal knowledge of the matters set forth herein.

3. I am an officer of Plaintiff Highway, Road and Street Construction Laborers Local Union 1010 ("Union").

4. I make this declaration in support of Plaintiffs' Motion for Default Judgment against Defendant Westbury Equipment Corp. ("Westbury" or "Defendant").

5. On or around January 8, 2020, Defendant executed a collective bargaining agreement with the Union, specifically the Independent Agreement covering the period July 1, 2018 through June 30, 2021 (the "2018-2021 CBA"). A copy of the 2018-2021 CBA is attached hereto as **Exhibit A.**

6. The 2018-2021 CBA provides that "[t]his Agreement shall continue in effect until and including June 30, 2021 and during each year thereafter unless on or before the fifteenth (15th) day of March 2021, or on or before the fifteenth (15th) day of March of any year thereafter, written

notice of termination or proposed changes shall have been served by either party on the other party." Ex. A, Art. XVIII.

7. Defendant, nor the Union terminated the 2018-2021 CBA.

8. On or around September 7, 2021, Defendant executed a collective bargaining agreement with the Union, specifically the Independent Agreement covering the period July 1, 2021 through June 30, 2024 (the "2021-2024 CBA," together with the 2018-2021 CBA, the "CBAs"). A copy of the 2021-2024 CBA is attached hereto as **Exhibit B.**

9. The 2021-2024 CBA provides that "[t]his Agreement shall continue in effect until and including June 30, 2024 and during each year thereafter unless on or before the fifteenth (15th) day of March 2024, or on or before the fifteenth (15th) day of March of any year thereafter, written notice of termination or proposed changes shall have been served by either party on the other party." Ex. B, Art. XX.

10. Defendant, nor the Union terminated the 2021-2024 CBA.

11. Therefore, at all relevant times, Defendant has been bound to a collective bargaining agreement with the Union.

12. Pursuant to the terms of the CBAs, Defendant is obligated to pay specified contributions to the Funds in connection with all work performed within the jurisdictional territory of the Union ("Covered Work"). *See* Exs. A-B, Art. IX.

13. The CBAs provide that contributions are due no later than thirty-five (35) days after the close of a month during which hours were worked. *See* Exs. A-B, Art. IX, Section 1(b).

14. The CBAs further require that the employer submit reports detailing the number of hours of Covered Work performed by its employees thirty-five (35) days after the close of the month during which such work is performed. *See* Exs. A-B, Art. IX, Section 1(c).

15. Under the CBAs, employers are required to remit other contributions administered by the Funds ("union assessments") and to remit dues check offs in connection with Covered Work performed by its employees. *See* Exs. A-B, Art. IX, Sections 1, 4.

16. Pursuant to the CBAs, employers are required to submit all benefit contributions owed to the Welfare Fund, Pension Fund, Annuity Fund, Local 1010 Training Fund, Income Replacement Benefit Fund, NYS LECET, NYS Laborers Safety and Health, Local 1010 LECET, and Heavy Construction Industry Fund to the Funds using the "one-check" system. *See* Exs. A-B, Art. IX, Section 1(b).

17. Under the CBAs, with respect to dues check-offs, "Employer shall remit such deductions monthly together with its Pension, Training, Welfare and Annuity Contributions." Exs. A-B, Art. IX, Section. 4.

18. The CBAs require employers to submit to periodic payroll audits to confirm compliance with the employer's benefit contribution obligations under the respective CBA. *See* Exs. A-B, Art. XII.

19. The CBAs provide that the "Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust…which Agreements and Declarations of Trusts are hereby made part of this Agreement and incorporated herein." *See* Exs. A-B, Art. IX, Section 1(b).

20. Under the CBAs, if an employer fails to timely pay contributions, the employer shall be liable, in addition to the delinquent contributions, interest at the annual rate of ten percent (10%) per annum, attorneys' fees and costs, liquidated damages in the amount of ten (10%) percent, and audit costs. *See* Exs. A-B., Art. IX, Section 5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2024.

_Keith Loscalzo_
Keith Loscalzo